**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JUAN C. GUZMAN, | ) | NO. SA CV 21-1518-VAP(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| B. CATES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner confined at the California Correctional Institution located in Tehachapi, Kern County, California, filed a "Petition for Writ of Habeas Corpus" on September 9, 2021 in the United States District Court for the Eastern District of California. On September 14, 2021, the United States District Court for the Eastern District of California transferred the Petition to this Court.

The Petition seeks to challenge a 2001 criminal judgment entered in Orange Superior Court case number 99NF1436 (Petition, p. 2). This judgment resulted from a jury verdict finding Petitioner guilty of two counts of lewd and lascivious acts on a child under the age of

fourteen in violation of California Penal Code section 288(a) (id.).
Petitioner previously challenged this same Superior Court judgment in
a prior habeas corpus petition filed in this Court ("the prior
petition").  See Guzman v. Clark, SA CV 06-465-R(E).[1]  On January 16,
2008, this Court entered Judgment in Guzman v. Clark, SA CV 06-465-
R(E), denying and dismissing the prior petition with prejudice.  The
United States Court of Appeals for the Ninth Circuit denied
Petitioner's request for a certificate of appealability on November
18, 2010.

The Court must dismiss the present Petition in accordance with
28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
Effective Death Penalty Act of 1996").  Section 2244(b) requires that
a petitioner seeking to file a "second or successive" habeas petition
first obtain authorization from the Court of Appeals.  See Burton v.
Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
authorization from Court of Appeals before filing second or successive
petition, "the District Court was without jurisdiction to entertain
[the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
requires the permission of the court of appeals before 'a second or

---

[1]     Although the docket in Guzman v. Clark, SACV 06-465-R
(E), does not contain an image of the prior petition, the Report
and Recommendation filed in that case reflects that the petition
challenged Petitioner's conviction for two counts of violation of
California Penal Code section 288(a) and references the
California Court of Appeal's opinion in People v. Guzman, 2003 WL
558519 (Cal. App. Feb. 27, 2003) (see Report and Recommendation
filed on February 21, 2007 in Guzman v. Clark, SA CV 06-465-R(E),
p. 2).  The Court of Appeal's opinion in People v. Guzman
confirms that Petitioner challenged therein his conviction in
Orange County Superior Court case number 99NF1436.

successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[2] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

///

///

///

///

///

///

///

///

///

///

---

[2]     The Court takes judicial notice of the Ninth Circuit docket, available on the PACER database at www.pacer.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The docket does not show than any person named Juan Guzman has ever sought or obtained permission from the Ninth Circuit to file a second or successive habeas corpus petition.

1    For all of the foregoing reasons, the Petition is denied and

2  dismissed without prejudice.[3]

3

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED: September 20, 2021.

7

8    _____

9    VIRGINIA A. PHILLIPS
     UNITED STATES DISTRICT JUDGE

10

11  PRESENTED this 16th day of

12  September, 2021, by:

13

14

15    _____/S/_____
      CHARLES F. EICK
16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25  _____

26    [3]    To the extent Petitioner also may seek to assert a
    civil rights claim alleging wrongdoing by prison authorities,
27  venue for such a claim would be proper only in the district of
    Petitioner's place of incarceration, i.e., the United States
28  District Court for the Eastern District of California.  See 28
    U.S.C. §§ 84(b), 1391(b).